## Case No. 3,671.

DAWSON v. RANKIN.

[5 Am. Law Rev. (1870) 753.]

Circuit Court, S. D. Georgia.

JURISDICTION OF FEDERAL COURTS — ACTION ON SUPERSEDEAS BOND—NONRESIDENT CREDITORS.

[A nonresident creditor who obtains judgment in a state court, from which an appeal, with supersedeas, is taken to the state supreme court, may, after affirmance of the judgment, if it is not paid, sue the principal and surety jointly on the supersedeas bond in the federal court.]

In this case a decision was rendered by WOODS, Circuit Judge, on the 15th of April last, overruling the defendants' motion to dismiss for want of jurisdiction, and ordering them to plead. The facts were these: A judgment was obtained in the state court, Muscogee county. Defendants appealed to the supreme court, and gave bond for $33.000, with Salisbury as security. The judgment was affirmed. The plaintiff and security failed to pay the judgment (this being an old debt, the relief laws of the state embarrassed plaintiff), and plaintiff then transferred the jurisdiction by suing the principal and security in the United States circuit court. A motion was made to dismiss on the ground that plaintiff had his judgment in the state court, and remedies under his execution. The court ruled that the supersedeas bond was a new contract; that Salisbury had not yet been sued in the state court; that by the bond plaintiff had the right to enforce the same against principal and security jointly or severally. He had elected, as he had the right to do, to sue jointly. The effect of this decision will be to enable many plaintiffs who are nonresidents to escape the operation of the relief law.

---

DAWSON (STREET v.). See Case No. 13,-533.

DAWSON (UNITED STATES v.). See Case No. 14,933.

DAWSON (WASHINGTON v.). See Case No. 17.227.

DAWSON BANK (KENT v.). See Case No. 7,714.

---

## Case No. 3,671a.

In re DAY.

[Betts, Scr. Bk. 105.]

District Court, S. D. New York.[1]

DISCHARGE OF BANKRUPT—WITNESSES.

[A creditor of a voluntary bankrupt is a competent witness for other creditors opposing the bankrupt's discharge.]

[In bankruptcy. Petition for the discharge of Anthony Day, a bankrupt.]

---

[1] [Date not given.]

It being considered by THE COURT that a creditor of a bankrupt whose application is voluntary is a competent witness to support objections filed by other creditors to the bankrupt's petition for a discharge, it is ordered that the exception to the decision of the commissioner overruling objections to the admissibility of such proof be disallowed.

---

DAY v. The ANGELINA. See Case No. 7,-967.

---

## Case No. 3,672.

DAY et al. v. BANKERS' & BROKERS' TEL. CO.

[9 Blatchf. 345; 1 O. G. 551; 5 Fish. Pat. Cas. 268; Merw. Pat. Inv. 200.][1]

Circuit Court, S. D. New York. 1872.

PATENTS—NOVELTY—INTERPRETATION—TELE-GRAPHIC APPARATUS.

1. The second claim of the reissued letters patent for an "improvement in electro-magnetic telegraph," granted to Samuel F. Day, March 23, 1869, namely, "the arrangement of the sounding box. C, the lever, D, and the sounding post, G, of a magnetic telegraph, in combination with each other, in the manner hereinbefore described, and to the effect stated," is void, for want of novelty.

2. The combination covered by such second claim is one which is capable of being used either in a local current, or in a main line current, and is not claimed merely when used where a local battery is dispensed with.

3. The use of such combination in a local current would be an infringement of the claim; and the prior use of the arrangement in a local current is an answer to the claim.

[Cited in Peters v. Active Manuf'g Co., 21 Fed. 321.]

4. The combination claimed is the arrangement of the sounding box. lever, and sounding post, relatively to each other, so that the blow of the armature will be struck directly towards the box, so as to produce a vibration of the box, and consequent sound, by direct action, and so that the sound produced by the blow will be more audible than if the blow were not struck at all in connection with a box or hollow base, but were struck in connection with a solid base, or were struck in connection with a box or hollow base, but not directly towards it.

5. Such an arrangement existed previously, though in a small instrument used only in a local current, the box and the magnet being small, and the sound feeble; but the absolute parts. and their relative arrangement, and their action, and their effect, remaining the same, it required no invention to make the box larger, to produce more sound, so as to use it in a longer circuit, with a larger and heavier magnet.

In equity. Final hearing on pleadings and proofs.

Suit brought upon letters patent [No. 42,842] for an "improvement in electro-magnetic telegraph," granted to complainant, Samuel F. Day, May 24, 1864, and reissued March 23, 1869 [No. 3.335].

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. Merw. Pat. Inv. 200, contains only a partial report.]